# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ZERO MANUFACTURING, INC.,**

**Plaintiff,**

**v.**                                              **Case No:  6:13-cv-852-Orl-31DAB**

**EDAK, INC., GREGG T. BENOIT,**

**Defendants.**

---

# ORDER

This matter comes before the Court on the Emergency Motion for Temporary Restraining Order (Doc. 2) filed by the Plaintiff, Zero Manufacturing, Inc. ("Zero Manufacturing").  Zero Manufacturing seeks an order preventing Defendant Gregg Benoit ("Benoit") and Defendant EDAK, Inc. ("EDAK") from meeting with the United States Air Force on June 6, 2013.

## I.      Background

According to the allegations of the Verified Complaint (Doc. 1), Benoit worked for Zero Manufacturing for approximately twenty years before leaving in March to go to work for EDAK, a competitor.  Zero Manufacturing contends that, at the June 6 meeting with the Air Force, Benoit and EDAK intend to "misappropriate and use Plaintiff's trade secrets and interfere with Plaintiff's business relationship with the Air Force."   (Doc. 2 at 1).  In the instant suit, Zero Manufacturing alleges misappropriation of trade secrets as to both Defendants (Count I), breach of contract as to Benoit (Count II), tortious interference with a business relationship as to both Defendants (Count III), and unjust enrichment as to both Defendants (Count IV).  Zero Manufacturing also seeks injunctive relief as to each Defendant (Count V, VI).

## II.      Legal Standards

A federal court may enter a temporary restraining order without notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.   Fed.R.Civ.P. 65(b)(1).   Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record.   Fed.R.Civ.P. 65(b)(2).   The order expires at the time after entry -- not to exceed 14 days -- that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.   Fed.R.Civ.P. 65(b)(3).

The issuance of a temporary restraining order is an extraordinary remedy.  *See California v. American Stores Company, et al.*, 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989); *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774 (11th Cir.1984).   The party seeking a temporary restraining order must demonstrate: 1) a substantial likelihood of success on the merits, 2) that irreparable injury will be suffered if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226-27 (11th Cir. 2005).   Injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion. *Id.* at 1227.

In addition, it is a bedrock principle of equity that courts may impose the substantive remedy of injunctive relief only when fundamental fairness and justice demand it. *Coral Springs Street Systems, Inc. v. City of Sunrise*, 371 F.3d 1320, 1340 (11th Cir. 2004). Courts of equity frequently decline to interfere on behalf of a complainant whose attitude is unconscientious in respect of the matter concerning which it seeks relief. *National Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 338, 50 S.Ct. 288, 291 74 L.Ed. 881 (1930). Simply stated, equity aids the vigilant, not those who sleep on their rights. *See, e.g.*, *Atlanta & St. A.B. Ry. Co. v. Barnes*, 95 F.2d 273, 278 (5th Cir. 1938).

### III.   Analysis

The Plaintiff's motion, like its complaint, is long on allegations but short on specifics. From those documents, the Court is informed that Zero Manufacturing and Edak are competitors, that Benoit worked for the former and now works for the latter, and that Benoit plans to meet with representatives of the United States Air Force, with which the Plaintiff has a business relationship. Aside from this, little of import is known. Zero Manufacturing recites a long list of alleged trade secrets – "design and manufacturing methodologies, financial information, market information, research and development information, pricing structures, customer lists, and other sensitive information" (Doc. 1 at 3) – to which Benoit was presumably made privy. However, aside from the simple fact that the meeting is occurring, the Plaintiff provides no evidence that Benoit intends to misuse its alleged trade secrets or interfere with its business relationship. The Plaintiff does not even provide an explanation as to how it knows these things to be true, or at least more likely than not to be true. Given this utter lack of support for its allegations, the Court finds that Zero Manufacturing has failed to establish a likelihood of success on the merits.

Accordingly, it is hereby

ORDERED that the Emergency Motion for Temporary Restraining Order (Doc. 2) is

**DENIED**.

DONE and **ORDERED** in Orlando, Florida on June 4, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties