# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ZERO MANUFACTURING, INC.,**

      **Plaintiff,**

**v.**                                                                **Case No: 6:13-cv-852-Orl-31DAB**

**EDAK, INC., GREGG T. BENOIT,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 43) filed by the Defendants, Edak, Inc. ("Edak") and Gregg T. Benoit ("Benoit"), and the response (Doc. 47) filed by the Plaintiff, Zero Manufacturing, Inc. ("Zero Manufacturing"). In its Second Amended Complaint (Doc. 38), Zero Manufacturing asserts that Defendant Benoit – a former Zero Manufacturing employee who now works for Edak – has misappropriated trade secrets (such as customer lists and pricing information) and is using them to benefit Edak, particularly in connection with a contract to be awarded by the United States Air Force. Zero Manufacturing has asserted claims for misappropriation of trade secrets against both Defendants (Count I), breach of contract against Benoit (Count II), and unjust enrichment as to both Defendants (Count III), as well as seeking injunctive relief as to Benoit (Count IV) and Edak (Count V).

In their motion to dismiss, the Defendants argue that the threatened injury -- loss of the Air Force contract due to Defendants' knowledge of Plaintiff's trade secrets – is insufficiently

imminent to confer standing on the Plaintiff.[1]  The Defendants argue, based on personal communications with a representative of the Air Force, that final specifications for the contract at issue have not yet been issued, and therefore any potential negotiations/misappropriation in regard to that contract are mere speculation.  However, this information relies upon material outside the four corners of the Second Amended Complaint, and is therefore improper at this stage of the proceedings.  In addition, the Plaintiff has alleged in the Second Amended Complaint that the Defendants intend to compete with Zero Manufacturing for the Air Force contract, and that this competition would involve trade secret misappropriation by the Defendants.  These allegations are sufficient to establish standing, regardless of whether final specifications have been issued or not.

The Defendants also argue that the Second Amended Complaint fails to state a claim upon which relief may be granted, arguing that the Plaintiff has failed to adequately plead threatened misappropriation and bad faith.  However, the Plaintiff has alleged that the Defendants "have and will continue to misappropriate and use Zero's trade secret, proprietary and confidential information." (Doc. 38 at 6).  The Defendants also complain that Zero Manufacturing has failed to comply with Local Rule 4.05(b)(2), which governs motions for temporary restraining orders; Zero Manufacturing is not seeking a temporary restraining order at this time.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 43) filed by the Defendants is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (holding that, to establish standing, plaintiff must show, *inter alia*, that it has suffered an injury in fact that is either concrete and particularized and actual or imminent).